[No. 18802.   Department Two.   February 17, 1925.]

THE STATE OF WASHINGTON, *on the Relation of Alfred Anderson et al., Respondents,* v. ELBERT FREDERICKSON *et al., Appellants.*[1]

CORPORATIONS (74)—STOCKHOLDERS—INSPECTION OF BOOKS. Stockholders and trustees of a corporation are entitled to resort to mandamus to compel the officers to allow them an inspection of the books and records of the corporation, and it is immaterial whether or not they have paid for their stock.

Appeal from a judgment of the superior court for Wahkiakum county, Simpson, J., entered March 11, 1924, in favor of the plaintiffs, in an action for a writ of mandamus to compel the officers of a corporation to permit stockholders to inspect corporate records, tried to the court.   Affirmed.

*George F. Hanigan* and *Norblad & Hesse,* for appellants.

*J. H. Kelley* and *W. W. Sparks,* for respondents.

MITCHELL, J.—This is a proceeding in mandamus, instituted in the superior court by Alfred Anderson and Alfred Peterson, as stockholders and trustees, to compel the defendants Elbert Frederickson and Mat Frederickson to allow an examination of the books and accounts of the Skamokawa Timber Company, a corporation, in the possession of the defendants.   Upon the trial, a judgment was entered and a peremptory writ issued as prayed for, ordering and directing the defendants, and each of them, to allow the relators, and each of them, or their or his attorney or agent, to examine all the books of account, minute book and stock book and all papers of every kind and nature, including income tax reports of the corporation, and to

[1]Reported in 233 Pac. 291.

make extracts from such books and papers, to the end that the relators might advise themselves of the financial condition of the affairs of the corporation. The defendants have appealed.

Under the pleadings and from the findings, which are clearly supported by the evidence, it appears that the relators, Anderson and Peterson, are and have been stockholders and trustees of the corporation at all times since its organization, and that they have been denied and refused the right to examine the books, accounts and reports of the corporation by the appellants, who have at all times had possession of them.

The relief granted the relators as stockholders is in consonance with our former holdings. *State ex rel. Weinberg v. Pacific Brewing & Malting Co.,* 21 Wash. 451, 58 Pac. 584, 47 L. R. A. 208; *State ex rel. Beaty v. Guarantee Mfg. Co.,* 103 Wash. 151, 174 Pac. 459; *State ex rel. Heitman v. First Bank of Wilkeson,* 125 Wash. 321, 216 Pac. 9. Again, as trustees they must have such right of personal examination in order to perform their duties under § 3812, Rem. Comp. Stat. [P. C. § 4516], which provides that the corporate powers of a corporation shall be exercised by a board of trustees.

The claim or alleged defense of the appellants that the relators have not paid for their stock is wholly immaterial, if it is true, so far as this case is concerned. It is not only not denied, but it is affirmatively and abundantly shown that they are stockholders and trustees, and as long as they are such they are entitled to all the rights demanded in this action and given them by the judgment and writ.

Affirmed.

HOLCOMB, MAIN, MACKINTOSH, and FULLERTON, JJ., concur.