## Bender, Trustee, v. Wiggins et al., Executors

*Glenn C. Mead*, for plaintiff.

*Thomas M. Hyndman*, for defendants.

LAMBERTON, J., July 15, 1935.—This is a suit by the trustee of a bankrupt corporation to recover the amount of an unpaid stock subscription. By agreement, the case was tried without a jury in accordance with the provisions of the Act of April 22, 1874, P. L. 109. There is no substantial dispute as to the facts.

### Findings of fact

1. Arcadia Restaurant Company was duly incorporated under the laws of the Commonwealth of Pennsylvania on August 19, 1930.

2. The certificate of incorporation provided for one class of capital stock comprised of 100 shares of the par value of $50 each.

3. There were three incorporators, who, between them, subscribed to 20 shares of stock.

4. Horace L. Wiggins was not an incorporator, nor was he a stockholder, officer, or director prior to September 22, 1930.

5. On September 22, 1930, a meeting of the directors of Arcadia Restaurant Company was held, at which a resolution was passed calling a meeting of the stockholders to consider an increase of the capital stock of the company from $5,000 to $50,001, to be comprised of 1000 shares of 6 percent preferred stock of the par value of $50 per share, and 1,600 shares of common stock of no par value, with an aggregate stated value of $1.

6. At this same meeting, subsequent to the passage of the foregoing resolution, Horace L. Wiggins was elected a director and president of Arcadia Restaurant Company and, thereafter acted as chairman of the meeting.

7. The minutes of said directors' meeting contain the following:

"The chairman then stated that he wished to subscribe to a portion of the preferred stock of the company and also to 25 percent of the common stock of the company. Thereupon on motion duly made, seconded and carried, it was RESOLVED:

" 'That the officers be and are hereby authorized to issue to Horace L. Wiggins 200 shares of $50 par value preferred stock of Arcadia Restaurant Company and 400 shares of the common stock of no par value if and when said increase in the capital stock has been approved by the stockholders of the corporation, said 200 shares of preferred and 400 shares of common stock to be issued to the said Horace L. Wiggins upon the payment of $10,000.' "

8. At a later hour on the same day, a stockholders' meeting was held at which the capital stock of Arcadia Restaurant Company was increased as provided in the resolution adopted by the directors.

9. On November 24, 1930, Horace L. Wiggins paid to

the Arcadia Restaurant Company $5,000, and had issued to him 100 shares of preferred stock and 200 shares of common stock.

10. On July 18, 1932, on its own petition, Arcadia Restaurant Company was duly adjudged a bankrupt by the District Court of the United States for the Eastern District of Pennsylvania.

11. On August 22, 1932, at a meeting of creditors, plaintiff was elected trustee of said bankrupt estate, and has qualified as such.

12. The schedules of the bankrupt company filed in the District Court of the United States aforesaid disclosed no assets and liabilities of $22,655.84, all of which are unsecured.

13. On October 21, 1932, the referee in bankruptcy made an order authorizing and directing plaintiff to make a call and assessment upon Horace L. Wiggins for his alleged unpaid stock subscription.

14. On October 25, 1932, plaintiff made such call and assessment upon Horace L. Wiggins to pay his alleged unpaid stock subscription amounting to $5,000.

15. Horace L. Wiggins made no response to said call and assessment.

16. On November 12, 1932, the referee made an order authorizing plaintiff to bring an action in any court of appropriate jurisdiction for the enforcement and collection of the alleged unpaid stock subscription of Horace L. Wiggins.

17. Horace L. Wiggins died on February 25, 1933, having made no payments on account of his alleged subscription of the capital stock of Arcadia Restaurant Company, other than the $5,000 above mentioned.

18. Horace L. Wiggins left a last will and testament whereby he named Mary L. Wiggins and the Provident Trust Company of Philadelphia as executors. Said Mary L. Wiggins and Provident Trust Company have qualified as such.

19. No shares of stock, other than those mentioned

in finding no. 9, were ever issued or tendered to Horace L. Wiggins.

20. No liability for the unpaid stock subscription of Horace L. Wiggins was ever entered on the books of Arcadia Restaurant Company, nor is there any record in regard thereto, other than that contained in the minutes of the directors' meeting as set forth in finding no. 7.

21. Arcadia Restaurant Company treated the payment of $5,000 made by Horace L. Wiggins on November 24, 1930, as a full payment for the shares of stock then issued to him, and not as a partial payment on account of his total subscription.

### Discussion

Numerous points of law have been raised by counsel for defendant, but we need take note of only one. Horace L. Wiggins was not an incorporator or an original subscriber to the capital stock of Arcadia Restaurant Company. His subscription was made a month after the incorporation of the company, at a time when he was not a stockholder therein. He did not even subscribe for a portion of the capital stock originally authorized, but for new classes of stock to be thereafter authorized.

The case of Bole v. Fulton, 233 Pa. 609, holds that the remedies against an original subscriber and against one who later subscribes are not the same. In the case of an original subscriber, the arrangement is tripartite, the three parties being the proposed corporation, the subscriber in question, and the other subscribers. When the corporation is chartered, pursuant to such subscription, the liability of the subscriber for the amount which he has agreed to pay, becomes absolute. In the case of a later subscriber, however, there are only two parties involved, namely, the subscriber and the corporation. There is no right to hold him for the full amount of his subscription, but merely a right to recover as damages the difference between the amount which the subscriber has agreed to pay and the market value of the stock for which he has subscribed.

The case of Bole v. Fulton, supra, would be conclusive of the question before us if Horace L. Wiggins had never paid anything on account of his subscription. It is argued, however, that since he paid $5,000 and received half of the stock, Bole v. Fulton has no application, and counsel for plaintiff directs our attention to the case of Philadelphia & Gulf Steamship Co. v. Clark, 59 Pa. Superior Ct. 415. In that case, defendant subscribed for 15 shares of stock at $50 per share and made instalment payments totaling $900. The court said, at page 424:

"It seems quite clear to us that by payment and acceptance of the installments, the contract was so far executed as to preclude the application of the principal involved in the decision in Bole v. Fulton. The measure of recovery was not the damages accruing from the breach of a purely executory contract to subscribe but the amount due and unpaid."

Apparently in that case, defendant paid $900 on account of his total subscription. In the case before us, Horace L. Wiggins paid $5,000 and had issued to him 100 shares of preferred stock and 200 shares of common stock. He paid in full for the stock issued to him and paid nothing on account of the unissued stock. It seems clear that the parties themselves treated the subscription as divisible and severable and, therefore, this case should be decided in accordance with the principles set forth in Bole v. Fulton, supra, rather than the principles set forth in Philadelphia & Gulf Steamship Co. v. Clark, supra.

### Conclusions of law

1. Horace L. Wiggins was not a subscriber for stock in a corporation to be formed, but a subscriber for stock in an existing corporation of which he was not then a stockholder.

2. The subscription agreement of Horace L. Wiggins was severable, and his payment of $5,000 was in full payment for the shares of stock actually issued to him and not a payment on account of the total subscription.

3. After the payment by Horace L. Wiggins of $5,000 and the issuance to him of 100 shares of preferred and 200 shares of common stock, that part of the transaction was complete and the situation was the same as if Horace L. Wiggins had originally subscribed for 100 shares of preferred stock and 200 shares of common stock for the sum of $5,000, and had failed to pay anything on account thereof.

4. Plaintiff is not entitled to recover the full amount of said subscription, but is entitled merely to recover the difference between the amount which Horace L. Wiggins agreed to pay and the market value of the stock which the corporation was to issue to him.

5. There being no evidence that the value of the stock for which Horace L. Wiggins subscribed was less than the amount which he agreed to pay therefor, plaintiff cannot recover.

### Decree nisi

And now, to wit, July 15, 1935, it is ordered that the foregoing findings of fact and conclusions of law be filed, and that the prothonotary forthwith give notice thereof to the parties or their counsel of record. If no exceptions are filed within 30 days after the service of such notice, judgment shall be entered for defendants.