## Schwartz, Appellant, v. Manufacturers' Casualty Insurance Company.

Argued April 21, 1939.. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Michael Edelman,* for appellant.

*John B. Martin,* with him *Duane, Morris & Heckscher,* for appellee.

OPINION BY MR. JUSTICE DREW, May 16, 1939:

Plaintiff brought this action of assumpsit on August 11, 1938, alleging that he is a stockholder in defendant company and claiming that he is entitled to recover $8,322.65 in dividends, plus interest, on shares of which he is owner. To the bill of complaint defendant filed a statutory demurrer, averring that the statement of claim was insufficient in that plaintiff had failed to show that he was the owner of any shares of stock in defendant company, and, in addition, that plaintiff's action is barred by the statute of limitations and by laches. The court below sustained the demurrer, and, from the judgment thereupon entered for defendant, plaintiff has appealed.

The bill of complaint discloses the following facts: On August 9, 1916, the Lehigh Valley Silk Mills subscribed for 100 shares of stock of the defendant company at $20 per share, the purchase price to be paid in nine monthly installments. Subsequently the Lehigh Valley made another subscription for 150 more shares upon the same terms. After having paid seven installments on the first subscription and only two on the second, the Lehigh Valley made no further payments. From March 2, 1917, when the last payment was made until the time the present suit was brought, nothing was done by the Lehigh Valley with reference to the

stock. During the 21 years following these subscriptions, numerous stock and cash dividends were declared by the defendant company on its capital stock, but none of these were ever paid to the Lehigh Valley and during all these years it made no claim to any dividends. In May, 1937, the Lehigh Valley was adjudged a bankrupt and on December 29, 1937, the Trustee in Bankruptcy assigned the two certificates of subscription to plaintiff.

The questions of laches and the statute of limitations are immaterial to the decision of this case, for it is clear that the demurrer was properly sustained, since plaintiff has failed to show that he is a shareholder in defendant company. In construing plaintiff's statement of claim "the intendments are taken most strongly against the pleader, for he is presumed to have stated all the facts involved, and to have done so as favorably to himself as his conscience will permit": *Maguire v. Preferred Realty Co.*, 257 Pa. 48, 52; *Humes v. Kramer*, 286 Pa. 251. Hence, we must presume that the agreements relied on by plaintiff were not for an original subscription in a corporation to be formed, but were rather subscriptions for shares in an existing corporation. The subscriptions were thus simply contracts of purchase and sale and the failure of the subscriber to fully execute its part of the contracts prevented it from acquiring the status of a shareholder: *Bole v. Fulton*, 233 Pa. 609; *Bender v. Wiggins*, 323 Pa. 182; *Baltimore City Pass. Ry. Co. v. Hambleton*, 77 Md. 341.

This court has consistently recognized a distinction between original subscriptions for stock in a corporation to be formed, and subscriptions for shares in an existing corporation. "In the one case the engagement between the subscribers is created directly by the act of subscription . . . By the act of incorporation, without more, the original subscribers become members of the corporation . . . In the other case the contract is not between the subscribers . . . but between each individual subscriber and the corporation as it

exists, and is simply a contract of purchase and sale": *Bole v. Fulton,* supra, p. 611. In that case, in holding that one who subscribes to shares of an existing corporation does not become a shareholder upon the mere execution of the subscription agreement, we said (p. 612) : "To constitute a subscriber for new stock a stockholder, something more than a mere subscription is requisite; payment is necessary. The subscription is but the contract. Payment when called by the company, and when made by the subscriber constitutes him a shareholder . . ."

In the instant case plaintiff makes no allegation that the defendant company released the subscriber from its obligation to complete performance. Since its default was not excused or waived, it thus caused a breach of the contract, and hence did not acquire the status of a shareholder. That both the original parties to the agreements realized that they were but contracts for the purchase of shares and that upon their breach the subscriber did not become a shareholder is obvious from the facts set forth by plaintiff. No stock certificates were ever issued to the Lehigh Valley and during the 21 years since the breach of the agreements the dividends to which the Lehigh Valley would have been entitled, had it owned 250 shares of defendant's stock, would have totaled $8,322.65. Yet at no time during these many years did the Lehigh Valley ever make a claim for any dividends. These facts alone clearly indicate that both the defendant company and the Lehigh Valley realized that the latter, because of its failure to complete the contracts, never became a shareholder. The statement of claim fails to show that the subscription agreements were anything more than contracts for the purchase of shares which were never fully performed, and the facts alleged by plaintiff show that the parties so construed them. After having secured an assignment of the subscription contracts 21 years after their abandonment, plaintiff cannot now set himself up as a shareholder

134

for the sole purpose of attempting to recover dividends for which the defendant company never became liable. Judgment affirmed; costs to be paid by appellant.