Argued January 6, affirmed March 15, 1967

BABBITT, *Respondent, v.* PACCO INVESTORS
CORP. ET AL, *Appellants.*
425 P. 2d 489

*Monte Bricker,* Portland, argued the cause for appellant Pacco Investors Corp. On the briefs were Reiter, Day, Anderson & Wall.

*George M. Joseph,* Portland, argued the cause for appellant R. W. Kitson. On the briefs were Morrison & Bailey and Tom P. Price.

*C. X. Bollenback,* Portland, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN* and LUSK, Justices.

LUSK, J.

Plaintiff brought this action against Pacco Investors Corp., an Oregon corporation, and R. W. Kitson, its Registered Agent, to recover a statutory penalty for the refusal of the defendants to permit the plaintiff, claiming to be a shareholder of record, to examine the books and records of the corporation. In a jury trial plaintiff recovered a judgment for $5,000 from which defendants have appealed.

The applicable statute reads:

ORS 57.246: "(1) Each corporation shall keep correct and complete books and records of account and shall keep minutes of the proceedings of its shareholders and board of directors; and shall keep at its registered office or principal place of business, or at the office of its transfer agent or register, a record of its shareholders, giving the

_____
*Did not participate in this decision.

names and addresses of all shareholders and the number and class of the shares held by each.

"(2) Any person who shall have been a shareholder of record for at least six months immediately preceding his demand or who shall be the holder of record of at least five percent of all the outstanding shares of a corporation, upon written demand stating the purpose thereof, shall have the right to examine, in person, or by agent or attorney, at any reasonable time or times, for any proper purpose, its books and records of account, minutes and record of shareholders and to make extracts therefrom. The corporation shall mail a copy of its latest financial statement to any shareholder upon his written request therefor.

"(3) Any officer or agent who, or a corporation which, shall refuse to allow any such shareholder, or his agent or attorney, so to examine and make extracts from its books and records of account, minutes, and record of shareholders, for any proper purpose, shall be liable to such shareholder in a penalty of 10 percent of the value of the shares owned by such shareholder, in addition to any other damages or remedy afforded him by law. It shall be a defense to any action for penalties under this section that the person suing therefor has within two years sold or offered for sale any list of shareholders of such corporation or any other corporation or has aided or abetted any person in procuring any list of shareholders for any such purpose, or has improperly used any information secured through any prior examination of the books and records of account, or minutes, or record of shareholders of such corporation or any other corporation, or was not acting in good faith or for a proper purpose in making his demand.

"(4) * * * * *"

The principal assignment of error is directed to the court's denial of their motion for a directed verdict.

In the trial court the defendants were represented by the same counsel; in this court they have appeared separately, and the defendant Kitson, who is represented by counsel who did not appear in the trial court, urges contentions in addition to those common to both defendants.

It appears from the record that Pacco was organized in November, 1963, by the plaintiff, James H. Maloney, Norman W. Butcher and Claude L. Irons. The articles of incorporation provided for the issuance of 500 shares of common stock without nominal or par value. The plaintiff, Maloney, and Butcher, each subscribed to 30 shares and Irons to 10 shares, at $10 per share. An organizational meeting of the subscribing shareholders above named was held on November 20, 1963. Among other actions taken at that meeting capital stock of the corporation was ordered to be issued and disbursed in accordance with the subscriptions above referred to, the plaintiff, Maloney, and Irons were elected to serve as directors until the first meeting of the shareholders of the corporation, by-laws were adopted, and the defendant R. W. Kitson was designated as Registered Agent of the corporation.

Also, on November 20, 1963, the directors held their organizational meeting and elected Maloney president, the plaintiff first vice-president, Irons second vice-president, and Butcher secretary-treasurer. Following the organizational meeting of the directors, the first meeting of the shareholders was held, all the above-named persons being present and voting their shares. At this meeting the actions taken at the organizational meeting of the subscribing shareholders were ratified and approved, as were the actions taken at the organizational meeting of the directors, and the same men

were elected to serve as directors until the second annual meeting of the shareholders.

The above-stated facts are all shown by the corporate minutes.

Later, the corporation acquired land upon which to construct an apartment house and employed the plaintiff to supervise its construction at a salary of $500 per month. Because of dissatisfaction with what the corporation claimed to be the plaintiff's neglect of his duties as supervisor of construction, the corporation determined in September, 1964, to dispense with his services.

Under date of November 10, 1964, the defendant Kitson received in his office in the Executive Building in Portland an unsigned letter written on the letterhead of C. X. Bollenback, attorney for the plaintiff, and reading as follows:

"Pacco Investors Corp.
Executive Building
Portland, Oregon
"Attention R. W. Kitson
 Registered Agent

"Gentlemen:

"You are herewith advised that I shall present myself at the registered office of the corporation at 10:00 o'clock A.M., November 11, 1964, to examine and take extracts from the books and records of Pacco Investors Corp., on behalf of Mr. Babbitt, one of the stockholders. Mr. Babbitt is the owner of more than 5% of the outstanding stock of this corporation. A letter from Mr. Babbitt evidencing my authority is attached.
"Pursuant to the terms of ORS 57.246, I shall request production of the books and records of account, minutes and record of shareholders.
"The purpose of this inspection is to determine

the past and present activities of the corporation, from which Mr. Babbitt has been excluded.

"Yours very truly,"

Accompanying this letter was the following letter signed by the plaintiff:

"Portland, Oregon
November 10, 1964

"Pacco Investors Corp.
Executive Building
Portland, Oregon
"Attention Mr. R. W. Kitson,
Registered Agent

"Gentlemen:

"You are herewith informed that I have retained Mr. C. X. Bollenback to represent me in all matters involving Pacco Investors Corp., and its officers and directors.

"Yours very truly,
[Sgd.] RAY C. BABBITT"

On the same day Mr. Kitson wrote, and Mr. Bollenback received, the following letter:

"Mr. C. X. Bollenback
Attorney at Law
Failing Building
Portland, Oregon 97204

"Dear Mr. Bollenback:

"Please be advised that the Registered Agent of Pacco Investors Corp., an Oregon Corporation, has been changed from R. W. Kitson at 714 Executive Building, Portland, Oregon, to James H. Maloney, 4275 N.E. Halsey, Portland, Oregon, and therefore notice should be served upon Mr. Maloney relative to the records of the Corporation. Also, the former registered office of the Corporation, located at 714 Executive Building, will be closed on November 11th, which is a legal holiday.

"Stock records of Pacco Investors Corp., do not reflect Mr. Babbit [sic] as being a shareholder of

said Corporation, although he has subscribed for the purchase of thirty shares of the capital stock of said Corporation, however, to date, Mr. Babbitt has not paid for said stock of the Corporation. If you have some evidence to the fact that Mr. Babbitt is a shareholder and thus entitled to examine the Corporate records and books of said Corporation, please show such evidence to the registered agent, Mr. Maloney, and I am sure he will be happy to allow Mr. Babbitt to examine any such records as he may so desire.

"Very truly yours,

RADER & KITSON
[Sgd.] R. W. KITSON
R. W. Kitson"

November 11, 1964, was a legal holiday and Mr. Bollenback, therefore, did not appear in Mr. Kitson's office on that day, but presented himself on the following day[1] at 10 a.m. and repeated his demand, which was not complied with. Thirty-three minutes later Mr. Bollenback filed this action.

The motion for a directed verdict was based upon the grounds that there was no evidence that the plaintiff was a shareholder of record; that the demand to review the corporate records was not reasonable as to time and was not made for a proper purpose, and that there was no evidence of refusal of the demand.

Defendant Pacco's reply brief expressly waives the question of reasonable time. Defendant Kitson, however, in his briefs urges that question and, in addition to adopting certain portions of Pacco's brief, contends that the complaint does not state a cause of action.

---

[1] ORS 187.010 (2) reads:
"Any act authorized, required or permitted to be performed on a holiday as designated in this section may be performed on the next succeeding business day; and no liability or loss of rights of any kind shall result from such delay."

Strictly, the question whether plaintiff sought examination of the corporate books for a proper purpose is no longer in the case. In his opening statement to the jury counsel for the defendants twice stated there were only two issues:

"(1) Did he make a demand that was refused? and
"(2) What is the value of the stock?"

Before the taking of testimony commenced counsel for defendants, in response to an inquiry by counsel for the plaintiff about these admissions, said that he did not care to make any admissions beyond that which he made in the opening statement. The question arose again during the taking of testimony and at that time counsel for defendants qualified his statement as to the issues by saying: "* * * we contend he was not a stockholder," and further said that he was not going to change his position from what he had previously stated. Nothing was then said as to the question of improper purpose.

■ Notwithstanding this state of the record, the court submitted that question to the jury in its charge and, moreover, instructed the jury that the burden of proof was upon the plaintiff to prove the allegation of his complaint that the demand was for a proper purpose, contrary to the decision of this court in *Rosentool v. Bonanza Oil and Mine Corp.*, 221 Or 520, 352 P2d 138, that where there is a claim that examination of the books of a corporation is sought for an improper purpose the burden of proof is on the corporation to establish that claim.

■ In any event, the question was one of fact, and it would have been error for the court to grant a directed verdict on this ground.

 The contention that the plaintiff was not a shareholder of record has two parts, one, that he was not a shareholder at all, and the other, that even so he was not a shareholder "of record." As to the first part, it is stated in Pacco's brief:

"* * * The stock admittedly was not paid for, and the typed certificate to be issued to plaintiff was still held in the stockbook, unexecuted by the corporate officers. Therefore, plaintiff was not a stockholder, merely a subscriber, and was not entitled to make this demand."

No authority is cited for this proposition and it is contrary to our decisions. As stated by Mr. Chief Justice ROBERT S. BEAN in *Balfour v. Baker City Gas Co.,* 27 Or 300, 307, 41 P 164:

"From an extended examination of the authorities we take the law to be that when the proposed corporation is formed as contemplated in the preliminary subscription, and within a reasonable time thereafter, the subscription, unless revoked in the manner authorized by law, becomes irrevocable; the subscriber becomes a shareholder, and liable as such without any further act on his part (citing cases)."

See, also, *Nickum v. Burckhardt,* 30 Or 464, 469-471, 47 P 788, 48 P 474, 60 Am St Rep 822; 4 Fletcher, Cyclopedia of Corporations (perm ed) 77-78, § 1406; 18 Am Jur 2d 962, Corporations § 466. That the plaintiff had not paid for his shares is immaterial: *State ex rel. Anderson v. Frederickson,* 133 Wash 28, 233 P 291; *Mitchell v. Beckman,* 64 Cal 117, 121, 28 P 110; Fletcher, op. cit., 40, § 1375. *Schwartz v. Manufacturers' Ins. Co.,* 335 Pa 130, 6 A2d 299, 122 ALR 1045, holds that payment is essential where the subscription is for shares of an existing corporation, but the opinion expressly recognizes that the rule is otherwise in the

case of an original subscription for shares in a corporation to be formed. Neither is it necessary, in order for one to become a shareholder, that a certificate of stock, which is only evidence of ownership of an interest in the assets of the corporation, shall have been issued. A few among the numerous cases announcing this principle are cited in the margin.[2]

Not only was plaintiff's subscription never revoked in any manner recognized by law, but, as heretofore shown, with the consent of the other shareholders, he voted his shares in the organizational and first meetings of the shareholders and was elected an officer and director. As the defendant Kitson testified: "* * * [W]hen the corporation was organized, Mr. Babbitt exercised all of the rights and privileges, and prerogatives of a stockholder * * *."

It may be added that, even after the commencement of this action the corporation recognized the plaintiff as a shareholder by sending him notices of stockholders' meetings.

With respect to the second part of the question, we think that any record kept by the corporation which enables it to determine whether a person seeking examination of its books is a shareholder should be deemed sufficient. The statute does not prescribe any particular form in which the record must be kept, nor any particular book. The minutes of a corporation are a part of its records: *Stipe v. First National Bank*, 208 Or 251, 278, 301 P2d 175; *Teiser v. Swirsky*, 137

[2] Hawley v. Upton, 102 US 314, 26 L ed 179; Cartwright v. Dickinson, 88 Tenn 476, 482, 12 SW 1030, 7 LRA 706; Chester Glass Company v. Dewey, 16 Mass 94, 100, 8 Am Dec 128; Randall Ptg. Co. v. Sanitas Mineral Water Co., 120 Minn 268, 275, 139 NW 606, 43 LRA NS 706; U. S. Radiator Corp. v. State, 208 NY 144, 149, 101 NE 783. See, also, 18 Am Jur 2d 961, Corporations § 465, and additional cases there cited in Footnote 9.

Or 595, 604, 2 P2d 920, 4 P2d 322. Certainly, the failure to record the addresses of the stockholders would not be such a defect as to warrant a court in sustaining refusal of a shareholder's right to examine the books.

■ We hold that there was sufficient evidence that the plaintiff was a shareholder of record.

■ The defendants urge that the defendant Kitson did not "refuse" to allow the examination of the corporate books, but that he merely "failed" to do so. It is conceded that the statement in Mr. Kitson's letter that he was no longer the registered agent of the corporation was incorrect.⑨ Various reasons, however, based upon the contents of that letter, are adduced in support of this contention. We think the question was clearly one for the jury. The letter indicated that, in Mr. Kitson's opinion, plaintiff was not a shareholder and concluded:

> "* * * If you have some evidence to the fact that Mr. Babbitt is a shareholder and thus entitled to examine the Corporate records and books of said Corporation, please show such evidence to the registered agent, Mr. Maloney, and I am sure he will be happy to allow Mr. Babbitt to examine any such records as he may so desire."

Now, as both Kitson and Maloney must have known, the only evidence that plaintiff was a shareholder was in the records of the corporation which the plaintiff

⑨ It should be noted that this statement appears to have been an innocent error on Mr. Kitson's part. A document changing the registered agent from R. W. Kitson to James H. Maloney and the address of the registered office from 714 Executive Building, Portland, to 4275 N.E. Halsey, Portland, was executed by the corporation on November 10, 1964, but it was not filed with the Corporation Commissioner as required by ORS 57.070 until November 16. Mr. Kitson testified he assumed it had been filed on the date it was executed.

was seeking to examine. From this circumstance and the defendants' insistence in the defense of this action that plaintiff was not a shareholder, the jury could have found an outright refusal of his demand.

We are of the opinion that the motion for a directed verdict was properly denied.

■ Defendant Pacco assigns error to the failure of the court to give its requested instruction reading:

> "I instruct you that if you find that plaintiff was not a stockholder on November 12, 1964, that he is not entitled to recover, and your verdict should be in favor of the defendant[s]."

The complaint alleges: "That plaintiff is the owner of record of more than five per cent of all of the outstanding shares of capital stock of the said Pacco Investors Corp." The court read this and all other material allegations of the complaint to the jury and charged that, "in order to prevail in this case," the burden was upon the plaintiff "to prove these matters to the satisfaction of the jury, by a preponderance of the evidence, as I have heretofore defined that term." It was entirely in the discretion of the court to decline to further instruct that if the plaintiff did not prove these allegations he was not entitled to recover.

As stated, the defendant Kitson alone contends that the time stated in the Bollenback letter to Kitson was not reasonable. It is sufficient to say of this contention that it was clearly and irrevocably waived by counsel representing both defendants at the trial.

■ Defendant Kitson also urges that the complaint does not state a cause of action because it fails to allege that Kitson had possession of the books and records or that he could otherwise comply with plain-

tiff's demand. The statute does not make the duty of an officer or agent of a corporation to permit examination of the books and records dependent upon his having possession of them, and an officer or agent may effectively refuse a demanded examination even though he does not have such possession. In this regard, the complaint alleges that Kitson was the Registered Agent of Pacco, that demand of the right to examine the books and records was made upon Pacco through its agent Kitson, and that both Pacco and the agent rejected the demand. As a matter of pleading we think this is sufficient. As a matter of proof, it has already been shown that Kitson's letter was evidence of a refusal.

Another assignment of error urged by both defendants is so clearly lacking in merit that it does not call for discussion.

The judgment is affirmed.