Argued and submitted March 28, reversed and remanded May 11, 1988

## PFEIFER,
*Appellant,*

*v.*

## DME LIQUIDATING, INC., et al,
*Respondents.*

(A8504-02191; CA A44145)

753 P2d 1389

Gregory W. Byrne, Portland, argued the cause for appellant. With him on the briefs was Byrne & Associates, Portland.

Janie M. Burcart, Portland, argued the cause for respondents. With her on the brief was Allen, Kilmer, Schrader, Yazbeck & Chenoweth, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Graber, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff, individually and as the personal representative of her deceased husband's estate, brought this action for breach of an agreement whereby he subscribed to shares of Delta Medical Electronics, Inc., a Washington corporation, at the time of its organization. She also stated claims against the individual defendants for conversion and interference with contractual relations, in connection with the corporation's failure to issue shares pursuant to the agreement.[1] The parties agreed that some of the subscribers, including plaintiff's husband, would give the corporation promissory notes and stock pledge agreements to secure the agreed payment for their respective shares. Neither plaintiff nor her husband did so, and neither tendered payment for the shares.[2] However, the corporation did not demand tender of the security or payment for the shares. Plaintiff brought this action after learning that the corporation had sold its principal assets at a substantial profit, filed articles of dissolution and transferred its remaining assets and affairs to the defendant trustee of the DME Liquidating Trust.

The trial court granted defendants' motion for a directed verdict on the breach of contract claim, because,

> "[i]n effect, what [plaintiff] is now asking for is her proportionate share of the distribution of assets after the sale of a company. She's only entitled to a distribution of the sale of the assets if, in fact, she was the stockholder. The only way that she could be a stockholder was to have paid for the stock or to at least have tendered to the company the money for the stock. In my opinion, there is no evidence that either event occurred; in other words, this company ceased to exist, Delta. She was not a stockholder nor could she have been a stockholder at that point in time. That being so, they owed her nothing."

The court then directed a verdict for defendants on the other claims, stating that "[t]hey were all dependent on the fact that she was entitled to the stock at the time she filed her lawsuit. I

---

[1] Plaintiff also stated a claim for "services rendered." It is not an issue on appeal, and we understand plaintiff to have abandoned it.

[2] The damages which plaintiff seeks equal the proportionate value of the corporate assets represented by the shares for which her husband subscribed, reduced by their subscription price.

conclude that she was not." Plaintiff appeals, assigning error to the granting of the motions for directed verdicts. We reverse.[3]

■ The trial court's rationale for directing the verdicts was that, as a matter of law, plaintiff and her husband could not have been stockholders of the corporation without having paid for or tendered the consideration for the subscribed shares. That is not a correct understanding of Washington law. An original subscriber has the rights and obligations of a stockholder, whether or not he has paid for the shares, unless the subscription is lawfully revoked. *State ex rel. Anderson v. Frederickson,* 133 Wash 28, 233 P 291 (1925); *see also Babbitt v. Pacco Investors,* 246 Or 261, 425 P2d 489 (1967). Moreover, RCW 23A.08.140 provides, in relevant part, that "no penalty working a forfeiture of a subscription * * * shall be declared as against any subscriber unless the amount due thereon shall remain unpaid for a period of twenty days after written demand has been made therefor." *See also* ORS 60.144.

Defendants make a number of arguments for upholding the directed verdicts on grounds other than the one on which they were based. They contend that the subscription agreement was void, because *former* RCW 23A.08.160, which was in effect when the subscription agreement was executed, provided that promissory notes could not "constitute payment or part payment, for shares of a corporation." The argument misses the point. The agreement did not contemplate that the promissory note would *be* the payment, but that it would *evidence* plaintiff's husband's promise to pay money for the shares.

■ Defendants also argue, *inter alia,* that plaintiff's husband revoked his subscription with the consent of the other participants, that the corporation did demand delivery of the note and that plaintiff failed to prove intent in connection with her conversion claim. We conclude that there was evidence from which the jury could find for plaintiff on those and on all other relevant factual issues about which defendants argue.

---

[3] In view of the ground for our disposition, it is unnecessary for us to recite the facts in more detail. Because we are reviewing a directed verdict, we state the facts as favorably to plaintiff as the evidence permits.

Reversed and remanded.