## B. L. LUDINGTON v. F. A. NORTH ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued January 29, 1891—Decided March 30, 1891.

1. In an action by the indorsee of a negotiable note against the makers, an averment in an affidavit of defence that the plaintiff was not the bona fide holder of the note, but was suing to " accommodate " the payees, and had so informed the defendants in writing, entitled the defendants to set up any defence they would have had in a suit on the note by the payees.

2. An averment that the note was given in payment for pianos purchased under a contract by which the defendants were to be the exclusive sales-agents of the payees for the period of five years, and that by reason of a revocation of the agency, without cause, the defendants had been unable to dispose of the pianos, is sufficient to prevent a summary judgment.

3. Though an affidavit of defence set out an erroneous measure of the damages to which the defendants allege they are entitled, yet the question to be determined on the motion is, not whether the defendants have adopted a correct measure of the damages, but whether they have stated facts from which a right to damages results.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 70 January Term 1891, Sup. Ct.; court below, No. 38 September Term 1890, C. P. No. 1.

On September 9, 1890, Benjamin L. Ludington brought assumpsit against F. A. North and others, trading as F. A. North & Co., and on September 13th filed a statement of claim upon a note, filing a copy as follows:

"$345                    PHILADELPHIA, April 4, 1890.

"Four months after date we promise to pay to the order of Conover Bros. Co., at Quaker City National Bank, three hundred and forty five dollars, without defalcation, for value received.

    [Indorsed.]          [Signed] "F. A. NORTH & Co."
"Conover Brothers Co.
"M. Ludington, per B. L. L."

On September 27, 1890, the defendants filed an affidavit of defence, averring that in March, 1887, they became the exclusive sales-agents for the city of Philadelphia and eastern Pennsylvania of the firm of Conover Brothers of New York, and it was agreed that said agency should continue for at least five years; that afterward the firm of Conover Brothers was succeeded by or merged into the Conover Bros. Co., a corporation, who continued said agency under the same terms and conditions; "that in March of 1890, while defendants were still agents of said Conover Bros. Co., they purchased from the said Conover Bros. Co., at its request and earnest solicitation, a number of pianos, giving their notes therefor; that at the time of said purchase and thereafter the defendants were extensively engaged at great cost to themselves in advertising the pianos of said Conover Bros. Co., and it was in consequence of defendants being said agents and the belief that their agency was not to terminate at least before March of 1892, that they purchased said pianos and did said advertising for the said Conover Bros. Co.; that subsequently, on or about the eighteenth day of June, 1890, in violation of its contract with the said defendants, the said Conover Bros. Co. took away the agency of its said pianos from the said F. A. North & Co., defendants, without just cause or reason for so doing and before the expiration of the term for which the agency was created, and entered into a contract of agency with another dealer in the city of Philadelphia; that, in consequence of the taking away of said agency from defendants, twelve of the pianos purchased by them remain upon their hands unsold, although they have made dili-

Arguments.

gent efforts to sell the same; that defendants, by reason of the breach of said contract, have lost the price of said pianos which remain unsold, which would amount to $2,000, and in addition thereto defendants have lost their time and expense of advertising, all of which has been rendered useless by reason of the taking away of said agency from them; that subsequent to the taking away of said agency from the said defendants, the said Conover Bros. Co., through its president, Frank Conover, promised and agreed to take back said pianos from the defendants, but has not and now utterly refuses to keep its said promise; that the said Conover Bros. Co. was duly notified of all these facts, and, for the purpose of preventing the said defendants from availing themselves of any defence which they might have against the said Conover Bros. Co., in the event of its bringing suit on the note now sued upon, it has induced the plaintiff in the above suit to commence the same on said note in his own name; that the plaintiff in this suit has acknowledged to defendants in a letter written by him to them that he is bringing this suit 'to accommodate' Conover Bros. Co.; that deponents believe and expect to be able to prove, at the trial of this cause, that the plaintiff in this suit, Benjamin L. Ludington, is not a bona fide holder for value of said note without notice, but that the said Conover Bros. Co. is the real and true owner of said notes. All of which facts are true, to the best of the deponent's knowledge, information and belief."

On October 4, 1890, a rule for judgment for want of a sufficient affidavit of defence was made absolute, ALLISON, P. J., and BREGY, J., without opinion filed; exception. Judgment having been entered in favor of the plaintiff for $350.61, the defendants took this appeal, assigning the order making said rule absolute, for error.

*Mr. S. Spencer Chapman*, for the appellants.

Counsel cited: (1) Moeck v. Littell, 82 Pa. 354. (2) Hunt v. Gilmore, 59 Pa. 450; Phillips v. Lawrence, 6 W. & S. 150; Halfpenny v. Bell, 82 Pa. 128; Nixon v. McCrory, 101 Pa. 289. (3) Act of May 25, 1887, P. L. 271; Gould v. Gage, 118 Pa. 559; Gere v. Unger, 125 Pa. 644; Fritz v. Hathaway, 135 Pa. 274.

*Mr. J. Martin Rommel* (with him *Mr. James M. West*), for the appellee.

Counsel cited: (2) Sitgreaves v. Griffith, 2 W. N. 705; Ogden v. Beatty, 137 Pa. 197. (3) That an indorsement implies a consideration, and that it was made before maturity: Frederick v. Winans, 51 Wis. 472; Andrews v. Chadbourne, 19 Barb. 147; Bank v. Stoneware Co., 4 Mo. App. 276; Luning v. Wise, 64 Cal. 410; Good v. Martin, 5 Otto 90; Parker v. Tuttle, 41 Me. 349; Batch v. Onion, 4 Cush. 559; Hopkins v. Kent, 17 Md. 113; Parkins v. Moon, 7 C. & P. 408.

OPINION, MR. JUSTICE WILLIAMS:

This action is brought by the indorsee of a promissory note against the makers. The note was payable to Conover Bros. Co. at four months, and bore the indorsement of the payees and of M. Ludington. The defendants made an affidavit of defence, in which they denied that the note had been negotiated; alleged that the plaintiff was suing for the benefit of the payees, and had so said in writing to the defendants. This put them in position to set up as against the plaintiff any defence that they could make if the action had been in the name of Conover Bros. Co., the payees, and they accordingly proceeded to state the facts on which they relied as a defence. These were as follows:

That Conover Bros. Co. were manufacturers of a particular style of piano; that they had appointed the defendants their sole agents for the sale of these pianos in the city of Philadelphia, for a period which did not expire until 1892; that, because of this exclusive right of sale and at the request of Conover Bros. Co., they purchased a large bill of pianos from said Conover Bros. Co. in 1890, and gave this note for part of the price; that after this purchase the payees, in violation of their contract with the defendants, took away from them the agency for the sale of said pianos in the city of Philadelphia, without any just cause, and entered into a contract with another person, giving the sole agency or right of sale of said pianos to such person, and leaving their unsold stock on their hands. By reason of the violation of the contract giving them the exclusive sale of these pianos, the defendants say that they are injured in their business, and have sustained definite pecuniary loss; they have expended money in advertising the pianos the agency for

Opinion of the Court.

which has been taken from them, which is now a loss, although they have neglected to state the amount. They also allege that by reason of the revocation of their agency, and the establishment of another one in this city, they have been unable, after diligent efforts, to sell their stock, and have twelve of the pianos unsold on their hands, the cost of which was $2,000, and at this sum they estimate their damages.

This may be, and probably is, an erroneous measure of damages; but it rests on an alleged breach of contract, which, if committed without reason, as is alleged, might well support a claim for the actual loss resulting from it.

The question to be determined on this motion is, not whether the defendants have adopted a correct measure of damages, but whether they have stated facts from which a right to damages results. For the purposes of this motion, we are to consider the plaintiff as standing in the shoes of Conover Bros. Co., as the affidavit places him there. We are then to assume that the note sued on was given for part of the price of a bill of pianos, bought while and because the defendants were the exclusive agents for the sale of that style and make of pianos in the city of Philadelphia, so that they could be bought only from them; that, soon after their purchase of this bill and the giving of this note, their agency was wrongfully taken from them and given to another; that by this means their exclusive right to the market because of which they made the purchase, was destroyed, and their vendors entered into competition with them; that their unsold stock was thus rendered of little or no value to them by the wrongful acts of their vendors. These facts show a cause of action, and they are therefore good as matter of defence to an action by the vendors on a note for part of the price of the stock thus depreciated by their breach of their agreement.

The judgment for want of a sufficient affidavit of defence is set aside, and the record remitted, with leave to the plaintiff to proceed, without prejudice to his right, to trial by jury and a writ of error after final judgment.