Byren & Weil, Inc. *v.* French & Keeley, Inc., Appellant.

Argued October 7, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*George J. Edwards, Jr.,* and with him *Ralph S. Croskey,* for appellant.—A contract for continuous display of advertising for a fixed period of time for a charge payable at stated intervals, is an indivisible contract: Producers Coke Co. v. Hillman, 243 Pa. 313; Carvill v. Garrigues, 5 Pa. 152.

*Sylvan H. Hirsch* of *Sundheim, Folz & Sundheim,* for appellee, cited: Lucesco Oil Company v. Brewer, 66 Pa. 351; Scott v. Kittanning Coal Company, 89 Pa. 231; Shinn v. Bodine, 60 Pa. 182.

OPINION BY GAWTHROP, J., December 14, 1931:

Appellant, the defendant, has assigned for error the dismissal of its motion for judgment non obstante veredicto and the entry of judgment against it on the findings of the trial judge, sitting without a jury.

The action was assumpsit. The statement of claim alleged (1) two written contracts, which are substantially alike in terms, for the painting and display by plaintiff of an advertisement for defendant on the olio and on the street drop of the Palm Theatre in the City of Philadelphia, the material portion of which is as follows:

"Kindly place and display our advertisement 3 x 36 inches in the advertising street (olio) drop in the theatre now named Palm, City of Philadelphia, State of Pa., during various exhibitions and performances for which we agreed to pay three dollars per week, from the day it is first shown to an audience for each week or portion thereof the advertisement is displayed, from August 1st to July 31st of the years 1924-25, 1925-26, 1926-27, payable every four weeks in advance and $4.50 for painting advertisement. No charge to be made for each entire week the advertisement is not shown. Design our copy if not furnished by us within one week from signing of order. This order is not subject to cancellation......;"

(2) performance by plaintiff of its part of the contract up to July 1, 1926, and payment by defendant of $461 on account of its indebtedness to plaintiff under the contracts; and (3) refusal by defendant to pay the balance presently due.

The affidavit of defense averred, and it was proved at the trial, that a prior action had been instituted by plaintiff against defendant in the court below, in which plaintiff sought to recover certain installments which had theretofore accrued under the agreements up to August 8, 1925; that defendant had paid to plaintiff in full settlement the net amount claimed by plaintiff in that suit, to wit, the sum of $240; that the suit was marked "settled, discontinued and ended." The affidavit averred further that the settlement of that suit was in complete and final settlement of any and all

claims arising under the contracts. The present suit is for the installments which accrued and became payable by defendant subsequent to August 8, 1925, and the finding was in plaintiff's favor for that amount.

The only question raised on this appeal, which requires discussion, is whether the bringing of the first suit, together with the settlement thereof by defendant's payment of plaintiff's demand therein, is a bar to this suit. The answer to the question depends upon the answer to the question whether or not the contracts on which the suits were brought were entire or severable. In Lucesco Oil Co. v. Brewer, 66 Pa. 351, the Supreme Court stated: "The criterion for determining whether a contract is entire or separable is thus stated by Mr. PARSONS in his work on the Law of Contracts: 'If the part to be performed by one party consists of several and distinct items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law, such a contract will generally be held to be severable ...... But, if the consideration to be paid is single and entire, the contract must be held to be entire, although the subject of the contract may consist of several distinct and wholly independent items': 2 Pars. Cont. 29-31 ...... It is the consideration to be paid and not the subject or thing to be performed that determines the class to which a contract belongs. Its entirety or separableness depends not upon the singleness of its subject or the multiplicity of the items composing it, but upon the entireness of the consideration, or its expressed or implied apportionment to the several items constituting its subject. If the consideration is single, the contract is entire, whatever the number or variety of the items embraced in its subject; but if the consideration is apportioned, expressly or impliedly, to each of these items, the contract is severable." Where a question of this kind arises, it is

the intention of the parties that controls and not the divisibility of the subject: Shinn v. Bodine, 60 Pa. 182; Producers Coke Co. v. Hillman, 243 Pa. 313. In the last mentioned case the court stated that "the distinguishing mark of a divisible contract is' that it admits of apportionment of the consideration on either side so as to correspond to the unascertained consideration on the other side. Where such a purpose appears in the contract it is allowed great significance when ascertaining the intention of the parties. It is a mistake, however, to suppose that in every case it is conclusive in itself." So, it has been held that the splitting up of the consideration into partial payments is in no way inconsistent with the conclusion that the contract was entire: Kelly Brick Co. v. Clay Product Supply Co., 32 Pa. Superior Ct. 408; Smith's Estate, 59 Pa. Superior Ct. 8. If the purpose of the parties was to take the whole or nothing, the contract would be entire: Story on Contracts, Sec. 24.

Seeking the intention of the parties as expressed in their agreements, we are forced to the conclusion that the contracts were severable. As we view the case it is closely analogous to one in which a landlord sues his tenant for installments of rent which have accrued. In effect, plaintiff rented to defendant space for the display of its advertisement and the consideration to be paid was in the nature of rent at the rate of $3 per week for each week the advertisement was displayed. It is well settled that a landlord may bring a separate suit for each installment of rent as it accrues. He is only bound to bring his suit for all the installments which have accrued at the time of the bringing of his action. See Stiles v. Himmelwright, 16 Pa. Superior Ct. 649. It is well settled that "if parties contract that a debt shall fall due, and be payable in installments, they have severed it, and distinct recoveries may be had for the several installments or portions

of the debt according to the agreement, without involving the whole debt: Buck v. Wilson, 113 Pa. 423, 430; Logan v. Caffrey, 30 Pa. 196. See also 1 R. C. L. 351, Sec. 31; 34 C. J. 839. It is undoubtedly true that all installments that are due when an action is brought must be included in the one action; and if an action is brought when more than one is due, a recovery in such action will be an effectual bar to a second suit brought to recover installments which were due when the first action was brought: Speier v. Locust Laundry, Inc., 56 Pa. Superior Ct. 323; Stradley v. Bath P. Cement Co., 228 Pa. 108. In this case there was no claim for any installment which was due when the prior suit was brought.

It is contended in appellant's behalf that it "repudiated" the contracts on January 16, 1925, and that it then became the duty of plaintiff to proceed in its first suit for the collection of all damages it intended to claim. The contention is without merit, because it clearly appears that all that defendant did on January 16, 1925, was to express to plaintiff its dissatisfaction with the contract and request that plaintiff "endeavor to sell our space." Plaintiff answered, calling defendant's attention to the fact that the contract was not subject to cancellation and refusing to cancel it. Clearly the contract remained in force and, by the terms of the contracts, plaintiff was entitled to receive the installments as they accrued. After full consideration of the argument of the able counsel for appellant and the cases cited in support thereof, we are of one mind that the court below was right in concluding that the first suit was not a bar to this action.

The assignments of error are overruled and the judgment is affirmed.