Bender, Trustee, Appellant, *v.* Wiggins et al.

Argued April 30, 1936. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Glenn C. Mead,* for appellant.

*Thomas M. Hyndman,* with him *Edmund P. Hannum,* for appellee.

OPINION BY MR. JUSTICE DREW, June 26, 1936:

Plaintiff is the trustee of a bankrupt corporation, of which Horace L. Wiggins was president and a director. At the meeting at which Wiggins was elected to those offices, it was agreed that, upon the approval of an increase in the capital stock, 200 preferred shares and 400 common shares of the new stock should be issued to him upon the payment of $10,000 therefor. Thereafter, on November 24, 1930, Wiggins paid $5,000 to the corporation in exchange for the issuance to him of 100 preferred shares and 200 common shares of its stock. On July 18, 1932, the corporation was, on its own petition, adjudged a bankrupt. Pursuant to the authorization of the referee in bankruptcy, a call and assessment for the alleged unpaid stock subscription was made upon Wiggins, who did not respond. In February, 1933, Wiggins died, having made no further payments on that account. The present suit was brought against his executors to recover the amount of the alleged unpaid subscription. The trial judge, sitting without a jury by agreement of counsel, refused to allow recovery, and his conclusion was sustained by the court in banc. The present appeal followed.

It is first to be noted that the subscription was not for stock in a corporation to be formed, but was for shares of an existing corporation. The contract was therefore not one between original subscribers, but between Wiggins and the corporation: *Bole v. Fulton,* 233 Pa. 609. That the promises were intended to be concurrently performed and mutually dependent is clear both from the language used and from the nature of the agreement, no time having been fixed for the performance of either promise. Nor can there be any doubt about the sever-

ability of the contract. The parties themselves treated it as such in exchanging $5,000 for 100 preferred and 200 common shares. Since their intention in that respect does not specifically appear from the agreement itself, the parties' own construction of it, as evidenced by their course of dealing under it, may be considered: *Peoples Nat. Gas Co. v. Braddock Wire Co.*, 155 Pa. 22. Plainly the parties supposed that the whole consideration for the remaining payment of $5,000 would be the issuance of the balance of the stock, and vice versa.

Since plaintiff has not shown to the contrary, it must be supposed that Wiggins was never a stockholder as to the balance of the stock, and no tender of performance on the corporation's part was ever made. Inasmuch as the promises were mutually dependent and the consideration for the payment of the second $5,000 was to be the issuance of the balance of the stock, the burden was upon plaintiff to show such issuance, or a tender thereof, before a recovery of the remainder of the subscription price could be had. Plaintiff has failed to meet this burden, and his action must therefore fall. In *Bole v. Fulton*, supra, the defendant, who had subscribed to shares of a corporation, notified its agent that he would not pay his subscription. He never became a stockholder, and no tender was made on either side. A bill was brought by the receiver of the corporation to enforce payment by the defendant and certain other subscribers. In holding that no recovery on the bill could be had, we concluded that the acts of payment and of issuance were intended to be concurrent, and that, whatever might have been the corporation's right of action for damages for breach of contract, measured by the difference between the agreed price and the value at the time of action brought, the plaintiff could not enforce payment of the price when no issue or tender of the stock had been made. That case clearly controls the present one, and the judgment for defendants was therefore proper.

Judgment affirmed.