## Spruce Realty Co. v. Fisgaer

*H. Eisenberg*, for appellant.

*O. Rosenbaum*, for appellee.

WINNET, J., September 24, 1946.—Defendant is a tenant under a written lease of a "store and dwelling" at 1620 W. Columbia Avenue, Philadelphia. The rent stipulated at $120 per month. Plaintiff brought action for possession before a magistrate and obtained judgment. Defendant took this appeal. The proceeding before us is on a rule to strike off the appeal from the judgment of the magistrate.

Counsel for defendant asks us to make a Solomon-like decision, to cut the tenancy in half and give plain-

tiff possession of the store and allow defendant to remain in the dwelling. This suggestion is not motivated by love of the tenant or only the "store" part of the demise. It is obviously made because the proceeding, if it be deemed as one for the possession of housing accommodations, is defective in that there was not the requisite notice shown under the rules of court and under the Emergency Price Control Act and the regulation for housing issued thereunder.

The lease contains a waiver of appeal. While under such a waiver we may not consider defects in the proceedings, we must consider a fundamental lack of authority to enter the judgment: Grakelow v. Kidder, 95 Pa. Superior Ct. 250.

In Ridell v. Bartos, 57 D. & C. 663, we have ruled that any proceeding for possession of a housing accommodation requires compliance with the regulations under the Emergency Price Control Act, and the rules of court, including the Magistrates' Court Rules as amended by the Courts of Common Pleas of Philadelphia County on October 4, 1945. A judgment rendered without such compliance is defective.

Plaintiff's rights rise from the lease. Under it, if he is entitled to possession, he is attempting to obtain possession of a "dwelling", a housing accommodation. But the store is a part and parcel of this housing accommodation. We cannot divide the leasehold and consider it as one for two separate properties—one for housing and one for commercial purposes. Although plaintiff has argued that the two may be physically separated without damage to the housing accommodation, we have only the lease and the judgment of the magistrate to consider. Under the lease the rent, or the consideration for the contract, is for both. It is not a severable contract. In Byren & Weil, Inc., v. French & Keeley, Inc., 103 Pa. Superior Ct. 573, 576, the court said, quoting Lucesco Oil Co. v. Brewer, 66 Pa. 351:

" 'If the consideration is single, the contract is entire, whatever the number or variety of the items embraced in its subject; but if the consideration is apportioned, expressly or impliedly, to each of these items, the contract is severable.' "

In Bria et ux. v. Isaacman, 51 D. & C. 368, there was involved a store and dwelling. Judge Hargest ruled that the judgment for possession under the lease must be for both, saying (p. 370) : "The judgment entered by virtue of the lease must be entered for the whole premises."

It must be borne in mind that the court in Bria et ux. v. Isaacman was not concerned with a rule of court which required compliance with the Emergency Price Control Act of January 30, 1942, 56 Stat. at L. 23, before a judgment could be entered. The decision was approved in Hangelias v. Dawson et al., 158 Pa. Superior Ct. 370, which expressly ruled (p. 375) : ". . . in the absence of a rule of court providing otherwise, it is not necessary to give notice before or at the time of the entry of judgment."

While Judge Hargest did allow the landlord possession of the store part on execution of the judgment under a writ of habere facias possessionem, we are not concerned in the present case with his authority for so doing in view of the defect in the judgment.

Our own feeling would not be to split up the tenancy under such a lease and allow plaintiff possession of the store. We have no way of determining how much consideration shall be paid by the tenant for the housing accommodation. We do not know anything about the physical arrangement of the property, nor its heating arrangement, which is an integral part of this lease. It is also to be noted that the present lease is dated August 1, 1944. At that time the Emergency Price Control Act had been in force approximately two years. The landlord could have divided the lease into two separate parts and provided for separate con-

sideration for the store and dwelling. It was not done. There is no reason why the court should at this time rewrite the lease when the landlord himself could have protected himself at the time the lease was executed. There is not the compelling reason to a court to grant relief to a person who has a hardship through emergency legislation of Congress which he could not contemplate at the time he made the contract.

The rule to show cause why the appeal from the magistrates' court should not be stricken off is discharged.