Perry, Executor, *v.* Wagner, Appellant.

Argued March 13, 1950. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross and Arnold, JJ.

*Miller Alanson Johnson,* for appellant.

*Paul M. Showalter,* with him *Showalter & Showalter,* for appellee.

Opinion by Hirt, J., July 20, 1950:

In January 1947 plaintiff's decedent leased to the defendant two rooms on the first floor and three rooms on the second floor of the premises at 600 Market Street in the Borough of Lewisburg. The term of the written lease was one year from April 1, 1947, but by agreement was continued in force for a second year ending April 1, 1949. In accordance with the uses specified in the lease, defendant has conducted a restaurant on the first floor of the building and he occupies the three rooms on the upper floor as living quarters. On December 20, 1948, the plaintiff made a written demand on the defendant to quit and deliver up the premises on April 1, 1949. The notice for repossession was unequivocal as to the part of the premises used for commercial purposes, but in it the plaintiff did not insist that the defendant vacate the three rooms leased by him for dwelling purposes. Defendant ignored the notice to quit, whereupon plaintiff, on April 2, 1949, confessed judgment in eject-

ment against the defendant on authority contained in the lease. A writ of habere facias possessionem was then issued to recover possession of the "Store room and one room in the rear of said store room" on the first floor of the building but the writ did not purport to disturb the defendant in his continuing occupancy of the three rooms as living quarters.

The written lease provided for a monthly rental payment of $110 in one sum for the entire demised premises, without apportionment between the two uses. The defendant on April 18, 1949, moved to have the judgment stricken off on the ground "that the leasehold covers a building or structure in which a business and dwelling are combined and is, therefore, non-severable, the rent being a single rent". The Office of Price Administration through a proper agency had fixed the rental of the three-room living apartment at $30 per month. The lower court in effect concluded, that in so doing, a severance had been effected by competent federal authority, leaving, subject to the provisions of the lease, only the two rooms demised for commercial purposes, over which there was no federal rent control. On this ground we well might affirm on the holding of *Hangelias v. Dawson et al.,* 158 Pa. Superior Ct. 370, 45 A. 2d 392, since the judgment by confession, following the warrant, was regular on its face and therefore could not be stricken. As we said in that case quoting from the opinion of Judge HARGEST in *Bria et ux. v. Isaacman,* 51 D. & C. 368: "The entry of the judgment is, of itself, neither an 'action to eject' nor an 'attempt' to remove. . . The writ of habere facias possessionem is the action to evict." Appellant's real complaint is directed against the writ of habere facias possessionem. In disposing of this appeal we will consider it on the merits as though taken from a refusal of the lower court to grant a stay of the writ.

In general, where there is a single consideration, the contract is entire, regardless of subject matter, and to make a contract severable there must be an apportionment of consideration among the items embraced in its subject. *Byren & Weil v. French & Keeley*, 103 Pa. Superior Ct. 573, 157 A. 367. The principle however has no application in the instant case.

The authority granted by the Emergency Price Control Act of January 30, 1942, 56 Stat. 23, 50 U. S. C. A. App. §901, enacted as a war measure, has been extended as to rent control, in the interest of national security, until December 31, 1950, by the Federal Housing and Rent Act of June 23, 1950. The emergency powers assumed in this Act included the regulation of rents chargeable for housing accommodations, by fixing a permissible maximum in each instance. The Borough of Lewisburg is within an area subject to such rent control. In the exercise of these extraordinary powers, contractual rights were superseded; rents were reduced to approved amounts, and occupancies continued, regardless of lease agreements as to rent reserved or the term of the tenancy in any instance. By definition in the Housing and Rent Act of 1947, supra, 50 U. S. C. A. App. §1892(b) "The term 'housing accommodations' means any building, structure, *or part thereof*, . . . rented or offered for rent for living or dwelling purposes . . ." (Italics added.) Rooms in a building designated as living quarters are subject to rent control, regardless of the fact that under the same lease, other parts of the building may be demised for commercial or other uses. And by asserting an entire contract the tenant in the present case cannot prevent his eviction from his restaurant, merely because he has the right to continued occupancy of his living rooms beyond the expiration of the term of the lease. The authority to sever an entire contract is comprehended in the power to ignore contractual obligations completely,

wherever necessary in the proper administration of rent control under the above Acts.

We are supported in our disposition of the present appeal by the conclusions of the late distinguished President Judge of Dauphin County, in *Bria et ux. v. Isaacman,* supra. The issue there presented, on parallel facts, was identical with that of the instant case. He there said: "Defendant contends that, inasmuch as the contract is single and indivisible, wherein defendant is obligated to pay a single consideration for the whole of the leased property, plaintiffs have no right to divide it and attempt to secure a portion of it.

"In determining these questions we must consider the reason and spirit of the Emergency Price Control Act and the regulations thereunder. It is a war measure and, to the extent that it authorizes the violation of obligations of contracts and gives to individuals rights that they in peacetimes could not secure, both the statute and the regulations should be strictly construed. Where the equities are wholly on the side of supporting a contract, the court should not be astute to find reasons for striking it down when the matter has little or no relation to the war effort. Both the statute and the regulations should be construed to carry out their reason and spirit and to interfere with contractual right only so far as to effectuate their purpose.

"Defendant agreed 'to vacate on or before March 1, 1944, without further notice'. He now attempts to set aside his contract, in effect seize possession of the property, and continue to hold it in violation of his agreement, shielding himself behind an act of Congress and regulations pursuant thereto passed in furtherance and protection of the war effort. Of course, if the contract is not divisible and defendant can hold the whole property, although he uses only a part of it for living purposes, he would have to prevail; but since the war effort

has little or no connection with this controversy we see no reason why he should have more rights than the clear language of the housing regulations give him, and that is to prevent interference with his living quarters." *Paxon v. Smock*, 73 F. Supp. 793, is to the same effect.

Moreover, although not essential to disposition of this appeal, it may be noted that the parties themselves have not treated the rents reserved as the single consideration of an entire contract. By agreement the parties filed a copy of the "Registration of Rental Dwelling" here involved, issued by the office of Price Administration, as a part of the pleadings and as an exhibit in this case. The exhibit refers to a lease between the same parties in 1942 for the same accommodations for a total monthly rental of $70 which included $30 then fixed by federal authority as the legal rent for the dwelling unit. In the present lease the total rent was raised to $110 per month which in reality, since $30 remained the fixed rent of the living rooms, was an increase from $40 to $80 per month for that part of the premises leased for business purposes.

Our holding in *Merlin v. Mazer*, 165 Pa. Superior Ct. 159, 67 A. 2d 643, is in no way at variance with the conclusion we have reached in the instant case. There the landlord brought a statutory action (presumably under the Act of December 14, 1863, P.L. (1864) 1125 68 P.S. 364) for possession merely of that part of the premises used for business purposes, the other part of which had been converted to living quarters after the execution of the lease. We there held that under the statute in question plaintiff's cause of action was indivisible. He could not recover possession of a portion of the demised premises and later recover the remainder. Under the Act of 1863, supra, the justice ". . . shall forthwith issue his warrant . . to deliver . . full possession of the said demised prem-

ises." Both under that Act and Act of March 31, 1905, P. L. 87, 68 P.S. 366, applicable to leases for less than one year the writ of possession must be "in accordance with the judgment obtained", that is, that the tenant yield up possession of all of the demised premises. In the instant case, the procedure was not under a statute but upon judgment confessed by warrant.

Order affirmed. Any writ of habere facias possessionem will be restricted to the business portion of the premises.