FLINT & BRADLEY, INC., Landlord, Respondent, *v.* PHILIP MORRIS, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, January 18, 1951.

*Oscar L. Liebling* for appellant.

*Maxwell Handelsman* for respondent.

HAMMER, J. Summary proceeding for immediate use and possession by landlord of second floor of landlord's building, pursuant to subdivision (d) of section 8 of the Commercial Rent Law (L. 1945, ch. 3, as amd.)

The lease in this case demised to the tenant the second and third floors " to be used and occupied only for residence with privilege to use second floor as sign shop and studio upon the conditions and covenants following ".

Appellant claims that the landlord may not dispossess the tenant from a portion only of the premises.

As I read the agreement the premises were let for two separate uses — commercial use of the second floor, and residence use of the third floor, and the tenant holds over after the expiration of his term. Any right of the tenant to possession is derived solely and exclusively from the emergency statute.

It is conceded that from the beginning the second floor has been used for commercial purposes; down to the time the tenant and his wife acquired a home at Huntington, Long Island, about a year before the trial, they lived on the third floor, and since that time it has been occupied by his brother and sister-in-law. At page 39 of the stenographer's minutes we find the following: " Q And when you do have emergency and rush work do you find occasion often to sleep over there?" (on the third floor) " A Yes, sir, I do." ·

Both floors are clearly separable from each other in that each has its separate means of access; and the third floor is completely shut off from the second floor commercial space.

In the New York Law Journal of July 19th last (p. 89, col. 3, 4) we find opinion No. 33 of the State Rent Administrator relative to combined business and dwelling uses which reads in part as follows:

" The business and dwelling portions are clearly separable where they are in separate structures. Where both portions are in the same structure they are separable if the following conditions exist:

" (1) There are separate means of access; and

" (2) The business and dwelling portions are each usable for their respective purposes without access to the other portion; and

" (3) The dwelling portion is, or can readily be, completely shut off from the business portion.

" Where premises do not in some particular respect comply with the test of separability just stated, they may nevertheless be found separable if it is very clear that, in accordance with the standards and practices of the community, it is feasible for the tenant to occupy the dwelling portion while the business portion is used by some other person."

To the same effect were the rulings of the Office of Price Administration in the matter.

Clearly the tenant being out of possession of the third floor cannot claim any of the rights of a statutory tenant as to that floor (*Belenky* v. *Colombo*, 275 App. Div. 99; and see *Wolf* v. *Matisz*, 98 N. Y. S. 2d 765, decided by this court, March, 1950, term, leave to appeal denied by Appellate Division, N. Y. L. J., April 18, 1950, p. 1356, col. 1).

The evidence establishes that the landlord has fully complied with all the requirements of the Commercial Rent Law entitling it to possession of the second floor space.

The final order should be affirmed, with $25 costs.

EDER, J. (dissenting). Tenant appeals from a final order made in favor of the landlord. The landlord instituted this proceeding to recover possession of only a portion of the premises which were leased to the tenant. The lease demised the second and third floors, but landlord sought possession of only the second floor.

The lease was for a term of five years from September 15, 1939, to September 14, 1944, to be used and occupied only for residence; *privilege* was given to the tenant to use the second floor as sign shop and studio. The annual rent was $900 during the first two years and $960 during the last three years of the term.

The tenant has remained and continues in possession as a statutory tenant.

The tenant contends, and I am in accord, that the court below was without authority to award a final order to the landlord, because it was in effect and result a partial eviction of the tenant, and that there is no jurisdiction to make such a disposition or to award that type of final order.

It is also contended by the tenant that this being property demised for residence use, there was no jurisdiction to institute or maintain the proceeding in the absence of allegation and proof that a certificate had been applied for by the landlord and obtained from the State Rent Commission authorizing this summary proceeding.

Landlord contends that as the lease provides that a part of the demised space may be used for commercial purposes this thus takes that portion out of the statute and hence no certificate of the State Rent Commission was necessary — that it is applicable only to that portion used for dwelling quarters; that the court can apportion the space and the rent accordingly.

The contention is, in my opinion, untenable. This was a lease of a single unit — two floors rented as a single and indivisible demise, for residence, with a single rent as the consideration for the both floors. The lease nowhere contains any provision authorizing apportionment of space or apportionment of rent, and it is my view that neither this court nor any court can rewrite the terms of the lease for either party thereto. The terms of the lease are projected into the statutory tenancy and are as fully effective as if the lease had been formally renewed.

Nor does it alter the situation, in my opinion, that part of the premises are used for business. This privilege does not destroy the character of the premises as residential. This privilege of additional use was expressly given by the landlord and it cannot be heard to complain.

The demise was for residence; this is its basic character; the privilege is merely an incident to the basic character of the letting. Being a demise for residence the premises come within the jurisdiction of the State Rent Commission, and it was, therefore, necessary for the landlord to obtain a certificate of eviction before the instant proceeding could be instituted and maintained.

As has been mentioned, this was a lease of a single unit, two floors rented as a single and indivisible demise with a single rent as the consideration for the both floors. Where a single lease covers two structures, rented as a unit, is such a contract divisible so that a judgment of eviction for only one part may be sustained? Both floors are part and parcel of this residential accommodation, and the landlord is attempting to obtain possession of a dwelling, a housing accommodation.

I am unable to see that the court may divide the leasehold and consider it as one for two separate properties — one for housing and one for commercial purposes. There is but one lease and under it the rent, or the consideration for the contract, is for both. It is not a severable contract.

" ' If the consideration is single, the contract is entire, whatever the number or variety of the items embraced in its subject; but if the consideration is apportioned, expressly or impliedly, to each of these items, the contract is severable ' " (*Byren &*

*Weil, Inc.,* v. *French & Keeley, Inc.,* 103 Pa. Superior Ct. 573, 576).

It is difficult to understand how the court below can split up a single tenancy under such a lease or how it can determine how much shall be allocated to a particular floor. The landlord could have divided the lease into two separate parts and provided for separate consideration for each floor, but it was not done.

In *Spruce Realty Co.* v. *Fisgaer* (57 Pa. D & C. 638) where a somewhat analogous situation was present the splitting up of the tenancy under such a lease was disapproved. The court expressed the view that the court should not rewrite the lease when the landlord could have provided for the contingency at the time the lease was executed.

This discussion has proceeded on the premise that both floors continue to be, basically, and, in reality residential property, unchanged in character because of privilege to use the second floor as sign shop and studio, and as residential space, the certificate of eviction was required to be obtained as a condition precedent to the landlord's right to institute the proceeding. Such certificate was not procured and necessitates dismissal of the petition.

Additional reason for dismissal is required for the reason that there can be no dispossession of a tenant from less than his entire demise, as pointed out by FULD, J., in *Morse & Grossman, Inc.,* v. *Acker & Co.,* (297 N. Y. 304, 310) where it is said (p. 312) : " To permit the landlord to remove the tenant from less than the area rented, the lease agreement would have to be rewritten * * * The statute confers no such power."

It is the situation here. The two floors were rented as a single, indivisible unit, for a single consideration, for residence, and the court below was without power to grant the severance sought by the landlord and given by the final order.

Attention has been called to a memorandum decision in *Wolf* v. *Matisz* (98 N. Y. S. 2d 765). It is without application here in factual or legal respects. In that case there was an order by the Housing Expediter separating the residential from the commercial uses of the premises. We have no such situation here. We have no such order of separation, and, moreover, we have the case of an indivisible demise of residential space only as a single unit for a single consideration.

No case has been cited holding that, upon the facts here extant, the court below was authorized to make the final order appealed from.

I accordingly dissent and vote to reverse the final order and to dismiss the petition.

HOFSTADTER, J., concurs with HAMMER, J.; EDER, J., dissents in opinion.

Final order affirmed.