No. 16,998.

THOMAS *v.* BLEVINS.
(258 P. [2d] 490)

Decided May 18, 1953.

Mr. CLARENCE W. BUTTON, for plaintiff in error.

Mr. LLOYD H. STORMO, Mr. H. M. SCHERMERHORN, for defendant in error.

*En Banc.*

Mr. Chief Justice Stone delivered the opinion of the court.

Polly Blevins brought action against A. R. Thomas under the Federal Housing and Rent Act to recover for alleged overcharges of rent. It is not disputed that the leased premises were subject to a rent ceiling of $30 per month, and that the rental charge was $60 per month. The court found in favor of plaintiff tenant, and defendant landlord contends here, as in the trial court, that the leased premises were not subject to the provisions of the housing and rent act.

The rented property consisted of one unit in a four-unit building which formerly had been leased for residence purposes. It consisted of hallway and four rooms appropriately labeled as living room, dining room, bedroom, kitchen and bath, and furnished by the landlord only with kitchen range. In the printed form of lease, as executed by the parties, it was recited that plaintiff was to occupy the same as "sales room and dress shop." It is disclosed by the evidence that plaintiff furnished the front room with a rug and two-piece living room set and used it as a living room as well as for display of a few dresses, while the former dining room was used for storage, both of personal belongings and of boxes pertaining to her business; that the former bedroom, which was at least as large as the living room, contained her bed and chairs, as well as her sewing machine and pressing board, and was used both as sleeping quarters and in connection with garment alteration and pressing, and that the kitchen was used exclusively for cooking and dining purposes. The apartment was plaintiff's only home. There was substantial evidence that defendant landlord on several occasions visited the premises and knew the uses to which they were put, without objection.

█ █ The rule seems to be undisputed, here, as declared in *Woods, Housing Expediter v. Whitehouse,*

83 Fed. Supp. 268, that where, "The business and dwelling portions are not separable, the two portions are to be treated as a unit for the purpose of determining whether the property is subject to regulation. The material test of predominant use is made on space basis. If the predominant part of the space is used for business purposes, the property is not subject to regulation." The record fails to disclose the actual size of the several rooms or the exact proportion of space devoted respectively to dwelling and business use. The latter would doubtless be impossible. The same space which was devoted to business use when customers were present was devoted to dwelling purposes at other hours. The question of predominate use was one of fact to be determined by the trial court, and the determination of the trier of facts that the predominate use was for dwelling purposes and that such use was known to the landlord has substantial support in the testimony; accordingly, the judgment as entered by the trial court must be affirmed.

However, it appears from the record that at the close of the trial the court said, "The Court will enter judgment for the plaintiff and against the defendant in the sum of $900.00, costs, and $150.00 attorney fees, less the $350.00 refunded which leaves $550.00, costs and $150.00 attorney fees, and, of course, the interest on that amount from the time of the filing of the suit." The record discloses thereafter order reciting the trial of the case without jury, the conclusion of the evidence, and that the court:

* * * "being now sufficiently advised in the premises, doth find the issues in favor of the plaintiff and against the defendant.

"And thereupon, it is ordered by the court that judgment be entered herein in favor of the plaintiff, Polly Blevins and against the defendant, A. R. Thomas, in the sum of $550.00, and costs."

Pursuant to said finding and order, judgment was

rendered and entered in the sum of $550.00 and costs on June 10, 1952. On December 18, 1952, writ of error was issued out of this court and subsequently and on the 24th day of December, 1952, plaintiff filed in the district court her motion for amendment of judgment, praying that the judgment and record thereof be amended nunc pro tunc to read as follows: "It is the order of the court that the plaintiff do have and recover of and from the said defendant, A. R. Thomas, the sum of Five Hundred Fifty Dollars ($550.00); One Hundred Fifty Dollars ($150.00) attorney fees, together with her costs in this behalf laid out and extended, to be taxed; and have execution therefor."

The matter coming on for hearing the same day before another judge, to wit, Judge Edward C. Day, the judgment was ordered amended nunc pro tunc as sought by plaintiff in her motion, and the judgment theretofore entered apparently was so amended by interpolation of the words "$150.00 attorney fees" in the original judgment following naming of the amount of the judgment therein and prior to the provision for costs, with endorsement thereon, "Amended by order of court December 24, 1952 Nunc Pro Tunc as of June 10. 1952." Without considering other grounds of invalidity of the attempted amendment, it was patently invalid for the reason that the trial court, upon the issuance of writ of error out of this court, lost jurisdiction over the case and could not take further action thereon.

Judgment as originally entered, in the sum of $550 and costs, is affirmed, and the trial court is directed to strike from said judgment the addition subsequently made by interpolation.