**Phil G. HEWITT and Myrtle V. Hewitt,**
**Respondents,**

v.

**Josephine KELLOGG, Appellant.**

**No. 21958.**

Kansas City Court of Appeals.

Missouri.

Oct. 4, 1954.

14

CAVE, Presiding Judge.

The respondents (plaintiffs) brought action against the appellant (defendant) under the federal Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., to recover for alleged overcharges of rent. A trial resulted in a judgment for respondents of $30 for overcharge of rent, and $150 for attorneys' fees, from which the defendant appealed.

The only assignment of error is directed at Instruction No. 1. In substance, the instruction told the jury that if it found that plaintiffs were tenants of defendant in certain described property and that they "occupied same as residential property", and that during a specified period the maximum rental under the Housing and Rent Act was fixed at $45 per month, and that during said specified time the defendant collected $5 a month in excess of the maximum allowed, then the verdict should be for the plaintiffs.

Appellant contends that this instruction is erroneous because the court did not define the words *"residential property"* as meaning rental property the greater portion of which was used for *"housing accommodations"*.

There is no conflict in the evidence that defendant orally leased to the plaintiffs six downstairs rooms in what had always been a residential structure; that they occupied these six rooms from about 1939 until May, 1950; and that they had no other home. The record is not too clear, but we think it can be inferred that the upstairs portion of this house was rented to other parties. It is also undisputed that the defendant, as landlord, listed this property as a "rental dwelling" with the Office of Price Administrator; that the maximum rent was fixed at $45 per month effective February 1, 1945; that the rental remained at that amount until changed by order of the Rent Director effective December 1, 1949, when the rental was increased to $55 per month; and that an overcharge of $5 per month was made for at least a six months period.

Hobson Hoar, St. Joseph, for respondents.

Whitney W. Potter, St. Joseph, for appellant.

There was evidence to the effect that during part of the time in controversy the plaintiffs rented two of the rooms to other persons; and that Mrs. Hewitt, by telephone, by mail, or by personal calls, took orders for corsets and occasionally fitted the garment to a customer, and had a sign attached to the house advertising such service. Plaintiffs did not keep a stock of such garments or any merchandise in the house. Defendant had knowledge of these facts and made no protest.

Defendant contends that such actions converted the property from residential purposes to business property, which would not be subject to the Rent Control Act, and that the court should have submitted such fact issue for the determination of the jury; that is, whether the premises were used predominately for residential or business purposes.

We have carefully examined the record and can find no substantial evidence that the premises were being used for business purposes within the meaning of the Rent Control Act. Mrs. Hewitt testified she would sell only two or three corsets per month.

With reference to the contention that two of the rooms were rented to other persons for a portion of the time, we think this would make no difference, because Sec. 1892(b) of the Act defines the term "housing accommodations" to mean "any building, structure, or part thereof, * * * rented or offered for rent for living or dwelling purposes (including houses, apartments, *rooming-* or boarding-house *accommodations,* and other properties used for living or dwelling purposes) * * *." (Italics supplied.) Thus taking in two roomers would not remove the property from the Rent Control Act.

While the Act uses the term "housing accommodations" and the instruction uses the words *"residential property"*, we do not believe the jury would be confused or misled thereby. They are not technical words, but are in common use and generally understood by every one. Under the facts the defendant could not have been prejudiced by the failure of the court to give a detailed definition of what was meant by *"residential property"*. This is especially true when there was no substantial evidence that the premises were being used other than for residential purposes or *"housing accommodations".*

Defendant cites Thomas v. Blevins, 127 Colo. 477, 258 P.2d 490. The facts in that case distinguish it from the case under consideration and our holding is not in conflict with the doctrine announced there, 258 P.2d at page 491: "The rule seems to be undisputed, * * * that where 'the business and dwelling portions are not separable, the two portions are to be treated as a unit for the purpose of determining whether the property is subject to regulation. The material test of predominate use is made on space basis. If the predominate part of the space is used for business purposes, the property is not subject to regulation.'" In that case, the evidence was sufficient to raise such an issue.

We should add that the attorney presenting this case on appeal did not represent the defendant in the trial court, and had no connection with the controversy until the appeal reached this court.

The judgment is affirmed.

All concur.