HYMAN M. FREEDMAN *vs.* SIDRICH REALTY CORPORATION.

Suffolk.   October 5, 1955. — November 30, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Landlord and Tenant,* Federal control, Rent.  *Housing.  Price Control.*

Whether premises were "controlled housing accommodations" within the
   Federal housing and rent act of 1947 depended on the actual use made
   of them rather than on the terms of the letting.  [263]

The facts that an apartment controlled and registered as a housing ac-
   commodation under the Federal housing and rent act of 1947 was
   leased for use as a dental office, that a separable portion of it was so
   used by the lessee and the remaining portion sublet by him to a third
   person for dwelling purposes, and that the lessor demanded and re-
   ceived from the lessee rent for the whole apartment greatly in excess
   of the registered maximum rent therefor would not show that the
   lessor, even if he knew of the subletting, demanded or received in
   violation of § 204 (b) of the act an unlawful amount as rent of the
   sublet portion subject to the act or was liable to the lessee for an
   overcharge under § 205.  [264]

CONTRACT OR TORT.  Writ in the Municipal Court of the
Dorchester District dated June 29, 1951.

Upon removal to the Superior Court, the action was heard
by *Fairhurst,* J., on demurrer.

*Edward J. Barshak,* (*Melvin J. Dangel & Joseph B.
Silverio* with him,) for the plaintiff.

*Max Kabatznick,* (*Marvin N. Geller* with him,) for the
defendant.

WILKINS, J.  The plaintiff sues under the housing and
rent act of 1947 (U. S. C. [1946 ed.] Sup. V, Title 50, Ap-
pendix, § 1895) for alleged overcharges of rent.  A demurrer
to the declaration for failure to state a cause of action was
sustained, and the plaintiff appealed without taking ad-
vantage of leave to amend.

The declaration is in two counts, which are substantially
identical except that count 1 asks for treble damages.  It

is alleged that on June 1, 1950, the plaintiff leased from the defendant "a controlled housing accommodation" on the first floor of 2 Hiawatha Road, Mattapan district, Boston, "with the right to sublet as housing accommodations a part of said apartment." The lease, a copy of which is annexed to the declaration, provides, "The said premises [consisting of six rooms, reception hall, and bath] are to be used by the lessee for the purpose of conducting a dental office. . . . The lessee shall have the right to sublet a portion of the rear of the leased premises to Sholom Bloom or any other tenant reasonably satisfactory to the lessor. The lessor, however, shall not be unreasonable in withholding permission to such subletting. . . . And the lessee does hereby . . . covenant . . . [that he] will not assign this lease nor underlet the whole or any part of the said premises without first obtaining on each occasion the consent in writing of the lessor." Other allegations of the declaration are that the plaintiff occupied two rooms as a dental office from June 1, 1950, to May 1, 1951, and sublet the remaining portion for dwelling purposes to Daniel Cooper, sharing the use of a hall and bathroom. The apartment is registered with the area rent office of the office of rent stabilization as a six room housing accommodation and "is controlled under the housing and rent act of 1947, as amended, . . . and the regulations issued pursuant thereto." From June 1, 1950, to May 1, 1951, the defendant was the owner and the maximum rent was $43.20. The defendant demanded and received from the plaintiff $80 a month for the eleven months preceding the bringing of this action. This is an overcharge of $36.80 a month, aggregating $404.80, and is in violation of the housing and rent act of 1947 and of the rent regulations issued thereunder.

Pertinent provisions of the housing and rent act of 1947, as amended, are: Section 204 (b): ". . . no person shall demand, accept, or receive any rent for the use or occupancy of any controlled housing accommodations greater than the maximum rent established . . . ." U. S. C. (1946 ed.) Sup. V, Title 50, Appendix, § 1894 (b). Section 205:

"Any person who demands, accepts, receives, or retains any payment of rent in excess of the maximum rent prescribed under the provisions of this Act . . . or any regulation, order, or requirement thereunder, shall be liable to the person from whom such payment is demanded, accepted, received, or retained . . . ." U. S. C. (1946 ed.) Sup. V, Title 50, Appendix, § 1895 (a). Section 202 (b): "The term 'housing accommodations' means any building, structure, or part thereof, or land appurtenant thereto, or any other real or personal property rented or offered for rent for living or dwelling purposes (including houses, apartments, rooming- or boarding-house accommodations, and other properties used for living or dwelling purposes) together with all privileges, services, furnishings, furniture, and facilities connected with the use or occupancy of such property." U. S. C. (1946 ed.) Sup. V, Title 50, Appendix, § 1892 (b). Section 202 (c): "The term 'controlled housing accommodations' means housing accommodations in any defense-rental area . . . ." U. S.. C. (1946 ed.) Sup. V, Title 50, Appendix, § 1892 (c).

Whether the premises are "controlled housing accommodations" depends not upon the terms of the lease, *Popplewell v. Stevenson*, 176 Fed. (2d) 362 (C. A. 10), but rather upon the actual use made of them. *West v. Conrad*, 177 Fed. (2d) 252 (C. A. 9). *Young v. Margiotta*, 136 Conn. 429, 436. A part of the premises was used for living or dwelling purposes, and that part is subject to the act. *Perry v. Wagner*, 167 Pa. Super. Ct. 199. But it does not follow that the entire premises are subject thereto. As between the plaintiff and the defendant, as lessee and lessor, where the business and dwelling portions, though rented to a single tenant, are not separable, the premises as an entirety are either subject to control or free from control, depending upon whether the predominant use is for housing accommodations or for business purposes. *Greider v. Woods*, 177 Fed. (2d) 1016 (C. A. 10). *Jacobs v. United States*, 199 Fed. (2d) 396 (C. A. 1). *United States v. Stull*, 200 Fed. (2d) 413 (C. A. 2). *Woods v. Whitehouse*, 83 Fed. Sup. 268 (D. C. W. D. N. Y.).

*United States* v. *DeMary*, 105 Fed. Sup. 6 (D. C. N. D. W. Va.). *Thomas* v. *Blevins*, 127 Colo. 477.

On the allegations of the declaration, the plaintiff sublet to Cooper in violation of his covenant in the lease. The allegation that the plaintiff leased from the defendant "with the right to sublet as housing accommodations a part of said apartment" is not borne out by the lease which gives "the right to sublet a portion of the rear of the leased premises to Sholom Bloom or any other tenant reasonably satisfactory to the lessor" for purposes not disclosed. We do not, however, rely upon this fact except in so far as it tends to show that the business and dwelling portions are separable. We think that the allegations of the declaration make the dental office which was consciously rented by the defendant to the plaintiff separate and distinct from the dwelling accommodations rented by the plaintiff to Cooper, apparently without the defendant's knowledge or consent.

The question remains whether the allegations of the declaration show an overcharge for the separable portion of the premises used by Cooper. There has been no apportionment. The Federal act does not seek to control rents of business premises. *West* v. *Conrad,* 177 Fed. (2d) 252 (C. A. 9). So far as that statute is concerned, the defendant could have charged any rent for the dental office. It cannot be presumed that, whatever the amount Cooper paid the plaintiff, the defendant, even if it knew of the sublease, intended to receive from the plaintiff an unlawful amount as rent of the rooms Cooper used.

It may be pointed out that if the plaintiff has exacted an excessive rental from Cooper, the latter has his remedy. *De Antueno* v. *Agostini,* 94 Fed. Sup. 957 (D. C. S. D. N. Y.). 14 Fed. Reg. 5711, § 825.1.

*Order sustaining demurrer affirmed.*
*Judgment for the defendant.*