Keenan *v.* Larkin et ux., Appellants.

Argued December 15, 1960.   Before RHODES, P. J.,
GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and
MONTGOMERY, JJ.

*William L. McLaughlin,* for appellants.

*J. F. Keener,* with him *Fred T. Cadmus, III, Thomas J. Burke,* and *Cadmus & Morton,* and *Haws & Burke,* for appellee.

OPINION BY MONTGOMERY, J., March 22, 1961:

This appeal is from the refusal of the court below to grant appellants' motion for a new trial and the entry of judgment on the verdict of the jury.

On or about July 15, 1954, John M. Keenan, appellee, and Thomas C. Larkin and Dolores K. Larkin, his wife, appellants, entered into an oral agreement for the lending of $1,500.00 to appellants. At the same time, the parties also agreed to mutually assist each other in the construction of dwellings for each other regarding the amount of labor and materials to be supplied by each to the other. Disputes arose between the parties as to the time for repayment of the loan and the liability of each to the other for the value and amount of work done and materials purchased.

Appellee brought an action in assumpsit seeking repayment of the loan made, reimbursement for purchase of materials, and recovery of the value of his labor on appellant's property. Appellant filed an answer admitting that he owed the $1,500.00 but claimed that this sum was not due. He also filed a counterclaim seeking recovery for the value of his services, for the purchase of materials, loss of time from his occupation when he worked on appellee's home, and for money spent on labor and materials which appellee was required to contribute.

During the course of the trial, it was stipulated that appellants were entitled to a setoff in the amount of $189.00, which represented materials purchased for and on behalf of appellee, and that appellee was entitled to $11.87 representing materials purchased by

him for and on behalf of appellants. At the conclusion of the trial the jury returned a verdict for appellee in the amount of $1,695.87, representing the loan of $1,-500.00 with interest from the time appellee demanded repayment, plus $11.87 admittedly due appellee, less $189.00 admittedly due appellants. Thereafter, appellants filed a motion for a new trial, which was denied, and this appeal followed.

Appellants contend here that a new trial should have been granted because the oral agreement between the parties, which was the subject of the litigation, was entire and not severable and, since appellee failed to perform under this contract, he was not entitled to recover. In addition, appellants claim that the court below committed error when it excluded certain testimony as to the fair and reasonable cost of landscaping, basing such exclusion on a variance between the allegation and proof when no objection was made at the trial as to such a variance.

At the trial, appellee testified that the loan was to be repaid when appellants obtained a construction mortgage on their property, whereas appellants testified that this money was to be repaid at his convenience. Appellants further attempted to tie in the repayment with the obligation of appellee to perform certain work on their house. It is urged here that since the contract for the loan and the mutual assistance of the parties in furnishing labor and materials was made at one and the same time, the contract was entire and not severable. This, however, does not control the issue. As we view the agreement of the parties, the agreement did not contemplate the accomplishment of a single object but, rather, of several objects under a single agreement. It has been held generally that where there is a single consideration, the contract is entire, regardless of the subject matter, and to make a contract severable, there must be an apportionment

of the consideration among the items embraced in its subject. *Perry v. Wagner*, 167 Pa. Superior Ct. 199, 74 A. 2d 665; *Byren & Weil, Inc. v. French & Keeley, Inc.*, 103 Pa. Superior Ct. 573, 157 A. 367. The intention of the parties controls in determining whether or not a contract is severable. *Byren & Weil, Inc. v. French & Keeley, Inc.*, supra; *Bender v. Wiggins*, 323 Pa. 182, 185 A. 730.

The consideration for the loan was the promise of appellants to repay the same when the request so to do was made. On the other hand, the consideration for the promise by appellee to work on appellants' house was a reciprocal promise by one of the appellants, Thomas C. Larkin, to work on appellee's house. The loan was made in order to permit appellants to secure a construction mortgage, whereas the mutual promises of aid were made to cut the cost of the total construction of the respective homes. As we view this contract, the court below acted properly in charging the jury that the agreement was severable and that any amount which the jury found to be due to either of the parties for a breach of the alleged reciprocal promises to perform certain labor could be either added to or subtracted from any sum found to be due. Had no work been performed by either of the parties, or had work been performed only by appellant, appellee still would have been entitled to claim the repayment of the loan, subject to proof of any counterclaim.

Objection is also made to the exclusion of testimony as to the fair and reasonable cost of landscaping which, allegedly was to be performed by appellee. However, appellants claimed that they were required to and did expend the sum of $180.00 for grading of the front lawn and for sowing of grass. On this counterclaim, the reasonable cost of landscaping was not material. If they did expend such a sum, this should have been proved. In this respect there was a failure

of proof. While the testimony of the appellee, on cross-examination, may have been excluded for the wrong reason, it is clear that it was properly excluded and appellants have not been harmed by it. Appellants could not supplant the requirements of affirmative proof for their loss; neither could they change the theory of their claim from one of a specific loss to that of a fair and reasonable cost to compensate for a breach of contract.

We find no error in the disposition of the motion for a new trial.

Judgment affirmed.