Shields *v.* Hoffman, Appellant.

Argued October 7, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Dana M. Taylor, Jr.,* with him *Behrend, Phillips & Taylor,* for appellant.

*John A. Metz, Jr.,* with him *Robert F. Stone, Guy L. Warman,* and *Fine, Perlow & Stone,* and *Metz, Cook, Hanna & Kelly,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, November 10, 1964:

John P. Shields and his wife, the appellees, filed this action to quiet title in order to release their real estate from the lien of a mortgage and the accompanying bond which were executed in favor of Harlan L. Hoffman, the appellant. This appeal is from the order of the court below granting appellees' motion for judgment on the pleadings.

Prior to June 4, 1958, Shields and Hoffman were partners doing business as Virginia Erection Company, an enterprise engaged in painting water towers. On that date, they entered into "a partnership liquidation agreement" whereby Hoffman sold to Shields his interest (40%) in the assets of the business for $22,500, receipt of which was acknowledged in the agreement.

For an additional $22,500, Hoffman agreed with Shields, his heirs, successors and assigns, to refrain from engaging in the painting or painting contracting business for a period of five years in certain specifically designated states and portions of states. This additional amount was to be paid in equal installments of $4,500, commencing June 4, 1959, and continuing until the balance was paid. The agreement further provided that if Hoffman breached his covenant then he forfeited his right to receive the next ensuing annual payment of $4,500, and that in the event of more than one breach, he forfeited his right to receive an additional payment for each successive breach.[1]

---

[1] The pertinent language of the contract provides: "If the party of the first part [appellant] shall breach or violate his covenant hereinbefore made, then he shall not be entitled to receive the next ensuing $4500.00 annual payment hereunder and

With Hoffman as mortgagee, Shields and his wife executed the bond and mortgage in question on certain of the Shields' real estate to secure the payment of the additional $22,500 promised in a separate writing in return for the restrictive covenant. The terms and conditions of the bond and mortgage are the same as those recited in the partnership liquidation agreement.

The complaint alleged, and appellant Hoffman did not deny, that after June 4, 1958, Hoffman, in violation of his covenant, engaged in the prohibited business in Iowa, Ohio, Michigan, New Jersey and Indiana, thereby committing seven distinct breaches.

Appellant Hoffman filed an answer pleading new matter and alleging that Shields, on July 24, 1958, less than two months after the execution of the agreement, sold to Virginia Erection Corporation, all his right, title and interest in the business which Shields had been carrying on himself after purchase of Hoffman's interest. By this new matter, appellant further pleaded that Virginia Erection Corporation had instituted legal proceedings in New Jersey and obtained equitable relief against the appellant for breach of the partnership liquidation agreement and that an action had also been filed by that corporation in Allegheny County, Pennsylvania.

---

this provision shall apply in regard to each year in which any breach or violation shall occur. In the event that the party of the first part shall commit more than one breach or violation in any given restricted year, then the party of the first part shall lose his right to an additional and successive annual payment of $4500.00 for each additional breach or violation in any given or particular year. In addition, the party of the first part shall be liable for all costs and expenses, including attorney fees, which shall arise out of or in respect to any successful action at Law or in equity, which the party of the second part [appellee] shall be obliged to institute to enforce, realize or maintain his rights hereunder. Nothing herein contained shall be construed in any way to limit the rights of the party of the second part [appellee] to enforce his rights hereunder either at law or in equity."

The court below, considering the motion for judgment on the pleadings, determined that appellant's failure to deny the breaches of the covenant constituted an admission, on the pleadings, of these violations. The court further concluded that continued performance of the covenant was a condition precedent to appellant's right to receive each of the annual installments. Finally, the court decided that appellees' right to plead appellant's breaches of the covenant was not precluded by the transfer of title to the Virginia Erection Corporation because the obligation of the mortgage and accompanying bond was still conditioned upon performance of the covenant, whether appellee Shields was individually engaged in the business or not.

The averments of the complaint alleging seven specific breaches of the promise to refrain or forbear from engaging in the prohibited business are not specifically or by necessary implication denied by the answer. Accordingly, the court below was correct in holding that appellant admitted his breach of contract. Pa. R. C. P. 1029(b).

Appellant's promise to refrain from engaging in the business was, in a sense, a condition precedent to his claiming any benefits under the agreement. In a much larger sense, however, it was the very promise which created mutuality of obligation, and when he breached it, there was a total failure of consideration because the consideration bargained for—forbearance—did not pass to appellees. *Necho Coal Co. v. Denise Coal Co.*, 387 Pa. 567, 128 A. 2d 771 (1957); see *Ludington v. North*, 141 Pa. 184, 21 Atl. 517 (1891).

The failure of consideration was total because by the very language of the liquidation agreement,[2] its

---

[2] The agreement specifically provides that the "agreement shall not be construed as an entire contract, but as a severable one in all its parts . . . ."

provisions were severable. The provision for the purchase of the assets was separate and distinct from the obligation to refrain from engaging in the business. The clear language of the contract binds the court in this regard. *Heilwood Fuel Co. v. Manor Real Estate Co.*, 405 Pa. 319, 175 A. 2d 880 (1961). But even if the contract did not so specify, we would conclude that the provisions of the contract are severable because the parties apportioned the consideration both as to subject matter and payment. *Keenan v. Larkin*, 194 Pa. Superior Ct. 436, 168 A. 2d 640 (1961), allocatur refused, 194 Pa. Superior Ct. XXVII.

Accepting the allegations of appellant's new matter as true for the purpose of these proceedings, *Luria Steel & Trading Corp. v. Dittig*, 414 Pa. 197, 199 A. 2d 465 (1964), the new matter does not allege any facts which defeat appellees' right to the relief granted by the court below.

Appellant urges that Shields' sale of his business deprives appellees of any standing to enforce the covenant. Appellees are not attempting to enforce the covenant and that issue is not before us. The condition of the mortgage and bond was not dependent upon appellee's remaining in the business, particularly when the agreement itself bound the heirs, successors and assigns of both parties. When appellee Shields sold his business, his obligation to pay Hoffman continued under the liquidation agreement, provided that Hoffman complied with his corresponding contractual obligations. Regardless of the subsequent sale, as between appellant and appellees the terms of the liquidation agreement remained in effect. We agree with the court below that to force appellees to pay appellant in view of his admitted breaches would be to require them to pay their contract obligation without receiving the value promised in return.

54

By the same token, the fact that Virginia Erection Corporation has commenced proceedings against appellant for his breach of the covenant not to compete does not affect the adjudication of the respective rights and liabilities of the present parties under the mortgage and bond.

We agree with the court below that the cloud upon the title to appellees' property should be removed.

Judgment affirmed.